## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

AMY MILLER, GARRIS GRAHAM,
DAVID LUSE, BETTE LEONARD,
AND MIKE ARNADI,
individually, and on behalf of
all others similarly situated,

   Plaintiffs,

   v.

GENERAL MOTORS LLC,

   Defendant.

**1:17-cv-14032-TLL-PTM**

Judge Thomas L. Ludington
Magistrate Judge Patricia T. Morris

## GENERAL MOTORS' MOTION TO DISMISS
## CLASS ACTION COMPLAINT
## <u>OR FOR A MORE DEFINITE STATEMENT</u>

General Motors LLC respectfully moves to dismiss all claims in plaintiffs'

Class Action Complaint (ECF No. 1), pursuant to Federal Rule of Civil Procedure

12(b)(6), or in the alternative, for a more definite statement of plaintiffs' claims on

the dates of their vehicle purchases and alleged injuries, pursuant to Federal Rule

of Civil Procedure 12(e). The grounds and legal authority are set forth in the

accompanying memorandum.

   Pursuant to Local Rule 7.1(a), GM has requested plaintiffs consent to this

motion, and plaintiffs have not consented.

March 5, 2018

Respectfully submitted,

*/s/ Kathleen Taylor Sooy*

Kathleen Taylor Sooy
April N. Ross
Jared A. Levine
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 624-2500
Fax: (202) 628-5116
ksooy@crowell.com
aross@crowell.com
jalevine@crowell.com

Daniel J. LaCombe
BARRIS SOTT DENN
DRIKER PLLC
333 W. Fort St.
Suite 1200
Detroit, MI 48226
Telephone: (313) 965-9725
Fax: (313) 965-2493
DLaCombe@bsdd.com

*Counsel for General Motors LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

AMY MILLER, GARRIS GRAHAM,
DAVID LUSE, BETTE LEONARD,
AND MIKE ARNADI,
individually, and on behalf of
all others similarly situated,

        Plaintiffs,

        v.

GENERAL MOTORS LLC,

        Defendant.

**1:17-cv-14032-TLL-PTM**

Judge Thomas L. Ludington
Magistrate Judge Patricia T. Morris

## MEMORANDUM OF GENERAL MOTORS IN SUPPORT OF
## MOTION TO DISMISS CLASS ACTION COMPLAINT
## <u>OR FOR A MORE DEFINITE STATEMENT</u>

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................... iii

STATEMENT OF ISSUES PRESENTED................................................... x

STATEMENT OF CONTROLLING OR MOST APPROPRIATE
    AUTHORITY .................................................................................... xi

INTRODUCTION ...................................................................................... 1

STATEMENT OF FACTS ......................................................................... 2

LEGAL STANDARDS .............................................................................. 6

ARGUMENT .............................................................................................. 7

I.     PLAINTIFFS DO NOT PLEAD VIABLE STATE LAW EXPRESS
      WARRANTY CLAIMS. ..................................................................... 7

      A.    GM's Limited Warranty Is Not An "Express Warranty" Under
          The UCC...................................................................................7

      B.    Plaintiffs Do Not Allege That They Experienced The
          Purported Liftgate Defect Or Took Their Vehicles To GM
          For Repair During The Warranty Period. .............................9

II.    PLAINTIFFS' IMPLIED WARRANTY CLAIMS ARE TIME
      BARRED. ......................................................................................... 11

      A.    Plaintiff Miller's Michigan Implied Warranty Claim Is Time-
          Barred (Count 4)...................................................................11

      B.    Plaintiff Leonard's Massachusetts Implied Warranty Claim Is
          Time-Barred (Count 13)........................................................12

III.   PLAINTIFFS DO NOT PLEAD VIABLE CLAIMS UNDER THE
      MAGNUSON-MOSS WARRANTY ACT...................................... 13

IV.   PLAINTIFFS' FRAUDULENT OMISSION CLAIMS FAIL ON
      MULTIPLE GROUNDS. ................................................................ 13

  A.  Plaintiffs Do Not Plead Fraudulent Omission With The
      Particularity Required By Rule 9(b). ....................................................13

  B.  Plaintiffs Do Not Allege GM Has A Duty To Disclose......................16

V.  PLAINTIFFS DO NOT STATE CLAIMS FOR VIOLATION OF
    STATE CONSUMER PROTECTION STATUTES. ................................... 18

  A.  Plaintiffs Do Not Adequately Plead Facts In Support of their
      Consumer Protection Claims...............................................................18

  B.  Plaintiffs' Statutory Claims Also Fail On State-Specific
      Grounds. ..............................................................................................20

      1.  Plaintiff Leonard Did Not Provide Notice. ..............................20
      2.  Plaintiff Luse's Oregon UTPA Claim Is Time Barred. ............20
      3.  Motor Vehicle Sales Are Not Subject To The MCPA. ............21

VI.  PLAINTIFFS DO NOT PLEAD VIABLE UNJUST ENRICHMENT
    CLAIMS. ................................................................................................... 22

VII.  IF ANY CLAIMS PROCEED, PLAINTIFFS SHOULD PROVIDE A
    MORE DEFINITE STATEMENT OF THEIR CLAIMS.............................. 24

CONCLUSION ........................................................................................................ 25

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ackerman v. Nw. Mut. Life Ins. Co.*,
    172 F.3d 467 (7th Cir. 1999) ............................................................................14

*Alexander v. Sanford*,
    325 P.3d 341 (Wash. Ct. App. 2014)................................................................18

*Arnett v. Bank of Am., N.A.*,
    874 F. Supp. 2d 1021 (D. Or. 2012) .................................................................22

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of
    Carpenters*,
    459 U.S. 519 (1983)............................................................................................6

*Baggett v. Hewlett–Packard Co.*,
    582 F. Supp. 2d 1261 (C.D. Cal. 2007) ............................................................15

*Baldwin v. Star Sci., Inc.*,
    78 F. Supp. 3d 724 (N.D. Ill. 2015)..................................................................19

*Beck v. FCA US LLC*,
    273 F. Supp. 3d 735 (E.D. Mich. 2017) ...........................................................16

*Belville v. Ford Motor Co.*,
    13 F. Supp. 3d 528 (S.D. W. Va. 2014).............................................................15

*Canal Elec. Co. v. Westinghouse Elec. Co.*,
    973 F.2d 988 (1st Cir. 1992)..............................................................................10

*Chandler v. Washington Toll Bridge Auth.*,
    604137 P.2d 97 (Wash. 1943) ...........................................................................22

*Chaudoin v. Thor Motor Coach, Inc.*,
    No. 15-13871, 2017 WL 3485803 (E.D. Mich. Aug. 15, 2017) .......................21

*Cipollone v. Liggett Grp., Inc.*,
    505 U.S. 504 (1992)............................................................................................9

*Clemens v. DaimlerChrysler Corp.*,
    534 F.3d 1017 (9th Cir. 2008) .................................................................10, 13

*Connick v. Suzuki Motor Co.*,
    174 Ill. 2d 482 (1996) ....................................................................................18

*Darne v. Ford Motor Co.*,
    No. 13 C 03594, 2015 WL 9259455 (N.D. Ill. Dec. 18, 2015)...................10, 11

*Darne v. Ford Motor Co.*,
    No. 13 CV 03594, 2017 WL 3836586 (N.D. Ill. Sept. 1, 2017) .................8, 10

*Demaria v. Nissan N. Am., Inc.*,
    No. 15 C 3321, 2016 WL 374145 (N.D. Ill. Feb. 1, 2016) ..............................23

*Diagle v. Ford Motor Co.*,
    No. 09-cv-3214, 2012 WL 3113854 (D. Minn. July 31, 2012)........................11

*Doll v. Ford Motor Co.*,
    814 F. Supp. 2d 526 (D. Md. 2011)..................................................................24

*Duffie v. Michigan Grp., Inc. - Livingston*,
    No. 14-cv-14148, 2016 WL 8259511 (E.D. Mich. Jan. 15, 2016)...................23

*Duffie v. The Michigan Grp., Inc.*,
    No. 14-CV-14148, 2016 WL 28987 (E.D. Mich. Jan. 4, 2016)........................23

*Dunham v. Malik*,
    No. 13-10001, 2014 WL 106900 (E.D. Mich. Jan. 10, 2014)..........................25

*In Re Duramax Litigation*,
    No. 17-cv-11661, 2018 WL 949856 (E.D. Mich. Feb. 20, 2018) .....................16

*Evitts v. DaimlerChrysler Motors Corp.*,
    834 N.E.2d 942 (Ill. Ct. App. 2005) ................................................................10

*Farah v. Martin*,
    122 F.R.D. 24 (E.D. Mich. 1988) ....................................................................25

*Feliciano v. Gen. Motors LLC*,
    14 Civ. 06374 (AT), 2016 WL 9344120 (S.D.N.Y. Mar. 31, 2016).................15

*Fernandes v. Havkin*,
731 F. Supp. 2d 103 (D. Mass. 2010) ...................................................23

*Fid. Mortg. Corp. v. Seattle Times Co.*,
213 F.R.D. 573 (W.D. Wash. 2003) .....................................................19

*In re Ford Motor Co. Speed Control Deactivation Switch Prod. Liab.
Litig.*,
MDL No. 1718, 2007 WL 2421480 (E.D. Mich. Aug. 24, 2007) ..............*passim*

*Gray v. BMW of N. Am., LLC*,
22 F. Supp. 3d 373, 386 (D.N.J. 2014) ..................................................24

*Greenberger v. GEICO Gen. Ins. Co.*,
631 F.3d 392 (7th Cir. 2011) ...............................................................18

*Grosse Pointe Law Firm, PC v. Jaguar Land Rover N. Am., LLC*,
317 Mich. App. 395 (Ct. App. 2016)...................................................7, 8

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
793719 P.2d 531 (Wash. 1986) ...........................................................19

*People ex rel. Hartigan v. E & E Hauling, Inc.*,
607 N.E.2d 165 (Ill. 1992)...................................................................22

*Jimenez v. Ford Motor Credit Co.*,
No. 322909, 2015 WL 9318913 (Mich. Ct. App. Dec. 22, 2015).....................21

*JSB Indus., Inc. v. Nexus Payroll Servs., Inc.*,
463 F. Supp. 2d 103 (D. Mass. 2006)...................................................16

*Kelley v. Microsoft Corp.*,
251 F.R.D. 544 (W.D. Wash. 2008) ....................................................23

*Kommer v. Ford Motor Co.*,
No. 1:17-CV-296, 2017 WL 3251598 (N.D.N.Y. July 28, 2017).....................11

*Koufos v. U.S. Bank, N.A.*,
939 F. Supp. 2d 40 (D. Mass. 2013)......................................................20

*League of United Latin Am. Citizens v. Bredesen*,
500 F.3d 523 (6th Cir. 2007) .................................................................6

*Liss v. Lewiston-Richards, Inc.*,
   478 Mich. 203 (2007) ........................................................................21

*Martin v. Ford Motor Co.*,
   292 F.R.D. 252 (E.D. Pa. 2013).........................................................11

*McMahon v. CitiMortgage, Inc.*,
   No. 10-14265, 2011 WL 2173916 (E.D. Mich. June 2, 2011)............6

*Mendoza v. Lithia Motors, Inc.*,
   No. 6:16-CV-01264-AA, 2017 WL 125018 (D. Or. Jan. 11, 2017) .................19

*Morris Aviation, LLC v. Diamond Aircraft Indus., Inc.*,
   536 F. App'x 558 (6th Cir. 2013).......................................................17

*Morse v. Abbott Labs.*,
   756 F. Supp. 1108 (N.D. Ill. 1991).....................................................15

*Nguyen v. Doak Homes*, Inc.,
   167 P.3d 1162 (Wash. Ct. App. 2007)................................................18

*In re OnStar Contract Litig.*,
   278 F.R.D. 352 (E.D. Mich. 2011) .....................................................19

*In re OnStar Contract Litig.*,
   600 F. Supp. 2d 861 (E.D. Mich. 2009) .............................................10

*Platten v. HG Bermuda Exempted Ltd.*,
   437 F.3d 118 (1st Cir. 2006)...............................................................22

*Power Process Eng'g Co., Inc. v. ValvTechnologies, Inc.*,
   No. 16-CV-11524, 2016 WL 7100504 (E.D. Mich. Dec. 6, 2016)....................22

*Republic Bank & Trust Co. v. Bear Stearns & Co.*,
   683 F.3d 239 (6th Cir. 2012) ........................................................14, 15

*Rivera v. Ford Motor Co.*,
   No. 16-CV-13786, 2017 WL 3485815 (E.D. Mich. Aug. 15, 2017) ................18

*Rodi v. S. New Eng. Sch. of Law*,
   389 F.3d 5 (1st Cir. 2004)...................................................................20

*Rosenbaum v. Toyota Motor Sales, USA, Inc.*,
    No. 16-CV-12645, 2016 WL 9775018 (E.D. Mich. Oct. 21, 2016),
    *aff'd sub nom. Rosenbaum v. Toyota Motor Sales, U.S.A., Inc.*, 708
    F. App'x 242 (6th Cir. 2017) ............................................................................21

*Rosipko v. FCA US, LLC*,
    No. 15-11030, 2015 WL 8007649 (E.D. Mich. Dec. 7, 2015)....................18, 19

*Ruffin v. Nicely*,
    183 F. App'x 505 (6th Cir. 2006) ......................................................................24

*Sanderson v. HCA-The Healthcare Co.*,
    447 F.3d 873 (6th Cir. 2006) ............................................................................14

*Santos v. SANYO Mfg. Corp.*,
    No. CIV.A. 12-11452-RGS, 2013 WL 1868268 (D. Mass. May 3,
    2013) ............................................................................................................10, 12

*Schechner v. Whirlpool Corp.*,
    237 F. Supp. 3d 601, 614 (E.D. Mich. 2017) ........................................10, 16, 23

*Schultz v. Gen. R.V. Ctr.*,
    No. 04-72562, 2006 WL 2583140 (E.D. Mich. Sept. 6, 2006),
    *aff'd*, 512 F.3d 754 (6th Cir. 2008)....................................................................12

*Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig.*,
    No. 05 C 2623, 2009 WL 937256, at *6 (N.D. Ill. Apr. 6, 2009) ......................15

*Season Comfort Corp. v. Ben A. Borenstein Co.*,
    55 N.E.2D 1065 (Ill. App. Ct. 1995) .................................................................23

*Shaulis v. Nordstrom, Inc.*,
    865 F.3d 1 (1st Cir. 2017)....................................................................18, 19, 23

*Simpson v. US W. Commc'ns, Inc.*,
    957 F. Supp. 201 (D. Or. 1997) ........................................................................16

*Solo v.UPS Co.*,
    819 F.3d 788 (6th Cir. 2016) ............................................................................22

*Storey v. Attends Healthcare Prod., Inc.*,
    No. 15-CV-13577, 2016 WL 3125210 (E.D. Mich. June 3, 2016)....................23

*In re Takata Airbag Prod. Liab. Litig.*,
   No. 14-24009-CV, 2016 WL 5844872 (S.D. Fla. June 20, 2016).....................24

*Temple v. Fleetwood Enterprises, Inc.*,
   133 F. App'x 254 (6th Cir. 2005) .......................................................13

*Tokarz v. Frontier Fed. Sav. & Loan Ass'n*,
   656 P.2d 1089 (Wash. Ct. App. 1982).............................................16

*In re Toyota Motor Corp. Hybrid Brake Mktg., Sales Pracs. & Prods.
Liab. Litig.*,
   915 F. Supp. 2d 1151 (C.D. Ca. 2013) ............................................11

*Wade v. Ford Motor Co.*,
   341 Mass. 596 (1961) ......................................................................18

*Williams v. Scottrade, Inc.*,
   No. 06-10677, 2006 WL 2077588 (E.D. Mich. July 24, 2006)...................15, 19

*Winzler v. Toyota Motor Sales USA, Inc.*,
   681 F.3d 1208 (10th Cir. 2012) .......................................................11

*Wright v. Kia Motors Am. Inc.*,
   No. CIV. 06-6212-AA, 2008 WL 552046 (D. Or. Feb. 26, 2008)....................20

*Zanger v. Gulf Stream Coach, Inc.*,
   No. 05-CV-72300-DT, 2005 WL 2769007 (E.D. Mich. Oct. 25,
   2005) ................................................................................................8

## Statutes

Ill. Comp. Stat. Ann. 5/2–313 ...............................................................8

Mass. Gen. Laws ch. 106, § 2–313 ........................................................8

Mass. Gen. Laws ch. 106, § 2–725 ......................................................12

Mich. Comp. Laws § 440.2313................................................................7

Mich. Comp. Laws § 440.2316..............................................................12

Mich. Comp. Laws § 445.904 ) ............................................................21

Or. Rev. Stat. Ann. § 72.3130................................................................8

Wash. Rev. Code Ann. § 62A.2–313 ........................................................8

**Other Authorities**

Anderson U.C.C. § 2-725:100 ..................................................................8

Rule 8 .........................................................................................14, 19

Rule 9(b)...............................................................................*passim*

Rule 12(b)(6) ...........................................................................................1

Rule 12(e)...............................................................................2, 24, 25

## <u>STATEMENT OF ISSUES PRESENTED</u>

1.   Should this Court dismiss plaintiffs' state law express warranty claims because GM's Limited Warranty is not an "express warranty" under the Uniform Commercial Code?

2.   Should this Court dismiss plaintiffs' state law express warranty claims because plaintiffs do not allege that: (i) they experienced the alleged vehicle defect during the applicable warranty period; (ii) they presented their vehicles to GM for repair during the applicable warranty period; and (iii) GM refused or failed to repair the alleged defect.

3.   Should this Court dismiss the implied warranty claims of plaintiffs Miller and Leonard because they are time barred?

4.   Should this Court dismiss plaintiffs' claims under the Magnusson-Moss Warranty Act because plaintiffs have not alleged viable state law warranty claims?

5.   Should this Court dismiss plaintiffs' fraudulent omission and state-law consumer protection statutory claims because plaintiffs do not allege facts sufficient to establish misrepresentation, omission, reliance, causation, or a duty to disclose as required by Rules 8 and 9(b)?

6.   Should this Court dismiss plaintiff Leonard's claim under Mass. Gen. Laws ch. 93A § 9(3) for failure to comply with the statute's notice requirement?

7.   Should this Court dismiss plaintiff Luse's claim under the Oregon Unfair Trade Practices Act because it is time barred?

8.   Should this Court dismiss plaintiff Miller's claim under the Michigan Consumer Protection Act because that statute exempts motor vehicle sales?

9.   Should this Court dismiss plaintiffs unjust enrichment claims because they are precluded by an express contract or an adequate remedy at law, and also because plaintiffs do not allege they conferred any benefit directly on GM?

10.   To the extent any claims remain, should this Court require plaintiffs to file a more definite statement of their claims pursuant to Rule 12(e), alleging the precise dates when they purchased and noted any defect in their vehicles?

General Motors LLC answers "yes" to each of these questions.

**STATEMENT OF**
**CONTROLLING OR MOST APPROPRIATE AUTHORITY**

The controlling or most appropriate authorities for the relief sought by GM include:

1. Fed. R. Civ. P. 8
2. Fed. R. Civ. P. 9(b)
3. Fed. R. Civ. P. 12(b)(6)
4. Fed. R. Civ. P. 12(e)
5. Ill. Comp. Stat. Ann. 5/2–313
6. Mass. Gen. Laws ch. 93A, § 9
7. Mass. Gen. Laws ch. 106, § 2–313
8. Mass. Gen. Laws ch. 106, § 2–725
9. Mich. Comp. Laws § 440.2316
10. Mich. Comp. Laws § 440.2313
11. Or. Rev. Stat. Ann. § 72.3130
12. Wash. Rev. Code Ann. § 62A.2–313
13. *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482 (1996)
14. *Darne v. Ford Motor Co.*, No. 13 CV 03594, 2017 WL 3836586 (N.D. Ill. Sept. 1, 2017)
15. *In re Ford Motor Co. Speed Control Deactivation Switch Prod. Liab. Litig.*, MDL No. 1718, 2007 WL 2421480 (E.D. Mich. Aug. 24, 2007)
16. *Grosse Pointe Law Firm, PC v. Jaguar Land Rover N. Am., LLC*, 317 Mich. App. 395 (Ct. App. 2016)
17. *Jimenez v. Ford Motor Credit Co.*, No. 322909, 2015 WL 9318913 (Mich. Ct. App. Dec. 22, 2015)
18. *Liss v. Lewiston-Richards, Inc.*, 478 Mich. 203 (2007).
19. *Morris Aviation, LLC v. Diamond Aircraft Indus., Inc.*, 536 F. App'x 558 (6th Cir. 2013)
20. *In re OnStar Contract Litig.*, 600 F. Supp. 2d 861 (E.D. Mich. 2009)
21. *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239 (6th Cir. 2012)
22. *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5 (1st Cir. 2004)
23. *Rosenbaum v. Toyota Motor Sales, USA, Inc.*, No. 16-CV-12645, 2016 WL 9775018 (E.D. Mich. Oct. 21, 2016)
24. *Rosipko v. FCA US, LLC*, No. 15-11030, 2015 WL 8007649 (E.D. Mich. Dec. 7, 2015)
25. *Schechner v. Whirlpool Corp.*, 237 F. Supp. 3d 601 (E.D. Mich. 2017)
26. *Shaulis v. Nordstrom, Inc.*, 865 F.3d 1 (1st Cir. 2017)

27. *Solo v. UPS Co.*, 819 F.3d 788 (6th Cir. 2016)
28. *Temple v. Fleetwood Enterprises, Inc.*, 133 F. App'x 254 (6th Cir. 2005)
29. *Williams v. Scottrade, Inc.*, No. 06-10677, 2006 WL 2077588, at *7 (E.D. Mich. July 24, 2006)
30. *Wright v. Kia Motors Am. Inc.*, No. CIV. 06-6212-AA, 2008 WL 552046 (D. Or. Feb. 26, 2008)

## **INTRODUCTION**

This is a case by five individual purchasers of new or used GM SUVs from independent dealerships who now claim their power liftgate struts *may* "prematurely wear," lose pressure, and "unexpectedly fail." Compl. ¶¶ 1-2. Only three plaintiffs allege that anything happened with their liftgates, and they do not say when. No plaintiff alleges that any of these vehicles were ever taken to GM for inspection or repair. Plaintiffs assert twenty-two causes of action under the laws of five states (Michigan, Illinois, Massachusetts, Washington, and Oregon), on behalf of five putative statewide classes of vehicle purchasers and lessees, and a federal claim under the Magnuson-Moss Warranty Act, on behalf of a putative nationwide class. All twenty-three claims are subject to dismissal under Rule 12(b)(6).

First, plaintiffs' claims for breach of express warranty under each applicable state's Uniform Commercial Code (Counts 3, 8, 12, 17, and 21) should be dismissed because: (i) GM's New Vehicle Limited Warranty is not an "express warranty" under the UCC; and (ii) plaintiffs do not sufficiently allege breach of the Limited Warranty because they do not allege that they experienced a defect and presented their vehicles to GM for repair during the warranty period.

Second, plaintiffs' claims for breach of implied warranty under Michigan law (Count 4) and Massachusetts law (Count 13) are barred by the applicable statutes of limitations.

1

Third, plaintiffs' nationwide warranty claim under the MMWA (Count 1) fails because there are no viable underlying state-law breach of warranty claims.

Fourth, plaintiffs do not plead their fraudulent omission claims (Counts 5, 9, 14, 18, and 22) with the particularity required by Rule 9(b). They also do not allege any direct relationship with GM establishing a duty to disclose.

Fifth, plaintiffs' claims under state consumer protection laws (Counts 2, 7, 11, 16, and 20) likewise do not plead any alleged misrepresentation, deceptive advertising, reliance, or causation with the particularity required by Rules 9(b) or 8(a)(2), and do not meet the substantive requirements of the applicable state laws.

Sixth, plaintiffs' unjust enrichment claims (Count 6, 10, 15, 19, and 23) are precluded by an express contract or an adequate remedy at law, and also fail because plaintiffs do not allege they conferred any benefit directly on GM.

Finally, plaintiffs do not allege when they purchased their vehicles or when they noted any defect in their liftgates. If any claims survive dismissal, GM asks the Court under Rule 12(e) to require plaintiffs to plead the precise dates of purchases and any deficiencies for application of statutes of limitations.

## STATEMENT OF FACTS

Plaintiffs allege that certain GM SUVs (2010-2012 GMC Acadia, Buick Enclave, Chevrolet Traverse, Cadillac SRX, Chevrolet Equinox, GMC Terrain, and 2010 Saturn Outlook) are equipped with "defective power liftgate struts that

can unexpectedly fail." Compl. ¶ 1. Plaintiffs allege that these vehicles were

covered by GM's Limited Warranty[1], which provides:

- **"Repairs Covered:** The warranty covers repairs to correct any vehicle defect related to materials or workmanship occurring during the warranty period."[2] *See, e.g.* Ex. 1, 2010 Warranty at 3; Exs. 2-5, 2010 Warranties at 4.

- **"Bumper-to-Bumper Coverage:** The complete vehicle is covered for" either "3 years or 36,000 miles, whichever comes first" for Chevrolet, GMC, and Saturn models or "4 years or 50,000 miles, whichever comes first" for Buick and Cadillac models. *See, e.g.* Exs. 1-5, 2010 Warranties at 2.

- **"Obtaining Repairs:** To obtain warranty repairs, take the vehicle to a [GM authorized] dealer facility within the warranty period and request the needed repairs." *See, e.g.* Ex. 1, 2010 Warranty at 3; Exs. 2-5, 2010 Warranties at 4.

- **"Warranty Period**: The warranty period for all coverages begins on the date the vehicle is first delivered or put in use and ends at the expiration of the coverage period." *See, e.g.* Ex. 1, 2010 Warranty at 3; Exs. 2-5, 2010 Warranties at 4.

- **"Other Terms: […]** Performance of repairs and needed adjustments is the exclusive remedy under this written warranty or any implied warranty." *See, e.g.* Ex. 1, 2010 Warranty at 7; Ex. 2, 2010 Warranty at 10, Exs. 3-5, 2010 Warranties at 9.

No plaintiff alleges that any vehicle was taken to GM for repair at any time or

during the applicable warranty period.

Plaintiffs do not allege that GM made affirmative misrepresentations about

---

[1] The applicable warranties are attached as Ex. 1 (Saturn), Ex. 2 (GMC), Ex. 3 (Chevrolet), Ex. 4 (Cadillac), and Ex. 5 (Buick). *See Farm Bureau Gen. Ins. Co. of Mich. v. Blue Cross Blue Shield*, 655 F. App'x 483, 487 (6th Cir. 2016) (courts may review documents cited in "and central to the plaintiff's claim[s]").

[2] The 2012 warranties further exclude repairs concerning "slight noise, vibrations, or other normal characteristics of the vehicle." Exs. 2-5, 2012 Warranties at 4.

the liftgate feature, but allege in conclusory fashion that GM communications and advertisements were deceptive because they omitted information about the alleged liftgate defect. *Id.* ¶¶ 93-112. Plaintiffs do not say what specific facts GM allegedly omitted or when or where it failed to disclose them. *Id.* ¶ 112. No plaintiff alleges ever seeing, reading, or hearing any specific GM communications or advertisements at all, much less about the supposedly defective liftgates.

Plaintiffs allege that GM has known of the alleged liftgate defect "since at least 2010" when GM issued a Technical Service Bulletin on power liftgates. *Id.* ¶ 44. Plaintiffs further allege that, in 2015, GM conducted a recall under the oversight of the National Highway Traffic Safety Administration to repair the alleged liftgate defect in some of the vehicles at issue, but not others.[3] *Id.* ¶¶ 48-53. Plaintiffs claim that the recall remedy approved by NHTSA was inadequate because GM recalibrated the software in the power liftgate actuator motor's electronic control unit and had dealers performing the recall verify that the liftgate was working properly, but did not replace liftgate struts unless they showed signs

---

[3] GM recalled the Chevrolet Traverse, GMC Acadia, and Buick Enclave because some of these vehicles exhibited an issue with the power liftgate. All owners of these vehicles, including plaintiffs Miller and Leonard, have had (and continue to have) the opportunity to take their vehicle to a GM-authorized dealer for repairs at no cost. Plaintiffs' complaint and putative class also includes owners and lessees of the Cadillac SRX, GMC Terrain, and Chevrolet Equinox. These are completely different vehicles, built on a different platform, with a different hydraulic powerlift gate system and accordingly, are not included in the recall.

of failure or loss of pressure at the time of repair or within the next 90 days. *Id.* ¶¶ 51-53. Plaintiffs do not allege that they brought their vehicles in for repair under the recall, or that the recall failed to address any problem with their liftgates.

The complaint has virtually no facts about the five plaintiffs. Michigan resident Miller alleges only that she purchased a used 2010 Chevrolet Traverse in 2014 from a Chevrolet dealership in Michigan but does not allege any liftgate issue. *Id.* ¶¶ 18-20. Illinois resident Graham alleges he purchased a 2011 Chevrolet Equinox from Shields AutoMart of Paxton in Paxton, Illinois but does not allege when he purchased his vehicle or that he had any liftgate issue. *Id.* ¶¶ 21-23. Massachusetts resident Leonard alleges she purchased a 2012 Chevrolet Traverse in 2012 from Aldem Buick in Fairhaven, Massachusetts. *Id.* ¶¶ 24-25. Leonard alleges that "[w]ithin the period of GM's express warranty, her powered liftgate struggled to open and required manual assistance." *Id.* ¶ 26. Washington resident Luse alleges he purchased a used 2011 GMC Terrain in 2013 from St. Helens Auto Center in St. Helens, Oregon, and that his power liftgate "collapsed unexpectedly" at an unspecified time "within the period of GM's express warranty." *Id.* ¶¶ 28-30. Finally, Washington resident Arnadi alleges he purchased a used 2012 Chevrolet Equinox in 2012 from Lyndwood Honda in Lynwood, Washington, and that "the power liftgate suddenly collapsed from the full-open position on multiple occasions," but does not say when. *Id.* ¶¶ 32-34.

Plaintiffs "expressly disclaim any recovery in this action for personal injury." *Id.* ¶128. Instead, they allege they "paid more for their… [v]ehicles than they would have paid," or "would not have purchased or leased their… [v]ehicles at all." *Id.* ¶ 14. Plaintiffs seek declaratory and injunctive relief as well as actual and statutory damages, punitive damages, and restitution. *Id.* at 95.

## LEGAL STANDARDS

To survive a motion to dismiss for failure to state a claim, plaintiffs' non-conclusory "factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original). Although the Court must accept well-pleaded facts as true, the Court may not assume that "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). Claims that sound in fraud, including fraudulent omission and statutory consumer protections claims premised on fraud allegations, must also meet the heightened pleading standard of Rule 9(b). *See McMahon v. CitiMortgage, Inc.*, No. 10-14265, 2011 WL 2173916, at *3 (E.D. Mich. June 2, 2011) (fraudulent omission); *In re Ford Motor Co. Speed Control Deactivation Switch Prod. Liab. Litig.*, MDL No. 1718, 2007 WL 2421480, at *9 (E.D. Mich. Aug. 24, 2007) (state consumer-protection claims).

6

**ARGUMENT**

I.   **PLAINTIFFS DO NOT PLEAD VIABLE STATE LAW EXPRESS WARRANTY CLAIMS.**

   A.   **GM's Limited Warranty Is Not An "Express Warranty" Under The UCC.**

Plaintiffs allege claims under the UCC warranty statutes in Michigan (Count 3), Illinois (Count 8), Massachusetts (Count 12), Oregon (Count 17), and Washington (Count 21). These claims should be dismissed because GM's Limited Warranty provides an exclusive repair or replace remedy, and a "repair and replace" warranty is not an "express warranty" under the UCC.

Under the UCC, an express warranty is an "affirmation of fact or promise" about the quality of goods, which "creates an express warranty that the goods shall conform to the affirmation or promise." *Grosse Pointe Law Firm, PC v. Jaguar Land Rover N. Am., LLC*, 317 Mich. App. 395, 404 (Ct. App. 2016) (*citing* MCL 440.2313), *appeal denied*, 500 Mich. 1017 (2017). GM's Limited Warranty "covers repairs to correct any vehicle defect… due to materials or workmanship occurring during the warranty period" (*see, e.g.* Ex. 1, 2010 Warranty at 3; Exs. 2-5, 2010 Warranties at 4), and specifies that "[p]erformance of repairs and needed adjustments is the exclusive remedy under this written warranty or any implied warranty." *See, e.g.* Ex. 1, 2010 Warranty at 7; Ex. 2, 2010 Warranty at 10; Exs. 3-5, 2010 Warranties at 9. On its face, GM's Limited Warranty does not warrant or promise that GM vehicles will be free from defects, but rather warrants that GM

7

will repair or replace any defective parts during the specified warranty period.

Indeed, the express warranty presupposes that defects may manifest within the

warranty period by offering to address them at no cost. If GM in fact guaranteed a

"defect-free" vehicle, there would be no reason to offer any warranty.

The Michigan Court of Appeals explained why a "repair and replace"

warranty like this one does not constitute an "express warranty" under the UCC:

> Goods cannot "conform" to a promise to repair or replace
> because such a promise says nothing about the character
> or quality of the goods, but rather identifies a remedy if
> the buyer determines that the goods are defective [....]
> [P]romises to repair or replace defective goods are
> contractual promises under Article 2, but are not
> warranties.

*Grosse Pointe*, 317 Mich. App. at 404-05.[4] Under the UCC, "the failure to repair

or replace is merely a breach of contract and not a breach of warranty." 100 4B

Anderson U.C.C. § 2-725:100 (3d. ed.). Plaintiffs cannot invoke the UCC here.

---

[4] *See also Zanger v. Gulf Stream Coach, Inc.*, No. 05-CV-72300-DT, 2005 WL
2769007, at *4 (E.D. Mich. Oct. 25, 2005); *Darne v. Ford Motor Co.*, No. 13 CV
03594, 2017 WL 3836586, at *5 (N.D. Ill. Sept. 1, 2017) (promises to "repair or
replace defective parts during the warranty period . . . are not express warranties
under the Illinois Uniform Commercial Code"). While courts in Washington,
Oregon, and Massachusetts have not squarely addressed this issue, their UCC
provisions are identical to the Michigan and Illinois statutes. *See* Wash. Rev. Code
Ann. § 62A.2–313; Mass. Gen. Laws. Ann. ch. 106, § 2–313; Or. Rev. Stat. Ann. §
72.3130.

**B.      Plaintiffs Do Not Allege That They Experienced The Purported Liftgate Defect Or Took Their Vehicles To GM For Repair During The Warranty Period.**

Plaintiffs have not pled viable claims for breach of GM's Limited Warranty because they do not allege that: (i) they experienced the alleged liftgate defect during the warranty period; (ii) they presented their vehicles to GM for repair during the warranty period; and (iii) GM refused or failed to repair their vehicles.

A manufacturer's liability for breach of an express warranty derives from, and is measured by, the terms of that warranty. *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 525 (1992). GM's Limited Warranty "covers repairs to correct any vehicle defect related to materials or workmanship occurring during the warranty period" (Compl., ¶143), which is defined as "3 years or 36,000 miles, whichever comes first" (*see*, *e.g.* Exs. 1-3, 2010 warranties at 2) for Chevrolet, GMC, and Saturn models or "4 years or 50,000 miles, whichever comes first" for Buick and Cadillac models. *See*, *e.g.* Exs. 4-5, 2010 warranties at 2. "To obtain warranty repairs," the owner must "take the vehicle to a [GM] dealer facility within the warranty period and request the needed repairs." *See, e.g.,* Ex. 1, 2010 Warranty at 3; Exs. 2-5, 2010 Warranties at 4.

Courts routinely dismiss claims for breach of limited warranties such as these where plaintiffs "fail to allege that they sought service for the [] equipment in their vehicle [and] actually incurred any problems… within the durational limits

9

specified in their respective [] warranties." *In re OnStar Contract Litig.*, 600 F. Supp. 2d 861, 877 (E.D. Mich. 2009).[5] Here, none of the plaintiffs adequately plead that they experienced the alleged defect during the applicable warranty period. To meet this threshold requirement, each plaintiff must plead "the date [he] purchased the vehicle in question, as well as either the date that a given problem appeared or the number of miles the vehicle had been driven when the problem appeared, in order to establish that the alleged issues fell within the covered period." *Darne*, 2017 WL 3836586, at *6 (granting motion to dismiss).

Plaintiffs Miller and Graham do not allege that they *ever* experienced any problem with their liftgates, and plaintiff Leonard alleges only that her liftgate needed manual assistance to open at some unidentified time. Compl. ¶¶ 18-20, 21-23, 24-26. Plaintiff Arnadi alleges that his liftgate "collapsed" but does not allege dates or whether he requested repair during the warranty period. *Id*. ¶¶ 32-34. And plaintiff Luse alleges that his vehicle's liftgate "collapsed" and "on numerous occasions within the period of GM's express warranty," with no dates specified,

---

[5] *See also Schechner v. Whirlpool Corp.*, 237 F. Supp. 3d 601, 614 (E.D. Mich. 2017); *Canal Elec. Co. v. Westinghouse Elec. Co.,* 973 F.2d 988, 993 (1st Cir. 1992); *Clemens v. DaimlerChrysler Corp.,* 534 F.3d 1017, 1023 (9th Cir. 2008); *Santos v. SANYO Mfg. Corp.*, No. CIV.A. 12-11452-RGS, 2013 WL 1868268, at *3 (D. Mass. May 3, 2013); *Darne v. Ford Motor Co.*, No. 13 C 03594, 2015 WL 9259455, at *4 (N.D. Ill. Dec. 18, 2015); *Evitts v. DaimlerChrysler Motors Corp.*, 834 N.E.2d 942, 950 (Ill. Ct. App. 2005) (same).

but he also does not allege that he requested repair during the warranty period. *Id*.

¶¶ 28-30. Without allegations of *facts* demonstrating (i) a defect manifested during the warranty period, (ii) plaintiffs requested repairs from GM during the warranty period, and (iii) GM failed to make repairs, plaintiffs' warranty claims fail as a matter of law. *See Darne*, 2015 WL 9259455, at *5 (plaintiffs failed "to plead any facts that, taken as true, would establish [a warranty claim's] basic elements").[6]

## II.   PLAINTIFFS' IMPLIED WARRANTY CLAIMS ARE TIME BARRED.

### A.   Plaintiff Miller's Michigan Implied Warranty Claim Is Time-Barred (Count 4).

Plaintiff Miller attempts an implied warranty claim under Michigan law, which allows a manufacturer to limit the duration of any implied warranty to the

---

[6] Likewise, while plaintiffs assert that GM conducted a NHTSA-supervised recall to address the alleged liftgate defect, none of the plaintiffs allege that they brought their vehicles to a GM-authorized dealership for the recall remedy, or that the remedy failed to address any defect in their vehicles' liftgates. This deficiency provides yet another reason to dismiss plaintiffs' complaint. *See Winzler v. Toyota Motor Sales USA, Inc*., 681 F.3d 1208 (10th Cir. 2012) (dismissing consumer class action where lawsuit sought the same relief offered through NHTSA-supervised voluntary recall program); *In re Toyota Motor Corp. Hybrid Brake Mktg., Sales Pracs. & Prods. Liab. Litig.*, 915 F. Supp. 2d 1151, 1153 (C.D. Ca. 2013) (rejecting consumer protection and warranty claims where manufacturer offered recall remedy because plaintiffs received the benefit of his bargain); *Kommer v. Ford Motor Co.*, No. 1:17-CV-296 (LEK/DJS), 2017 WL 3251598, at *1 (N.D.N.Y. July 28, 2017) (dismissing consumer protection claims where plaintiff did not allege that he had taken his vehicle in for service when remedy was offered). The availability of a recall remedy for some class vehicles also undermines plaintiffs' assertion that this case may be certified as a class action. *See Diagle v. Ford Motor Co.*, No. 09-cv-3214, 2012 WL 3113854, *5 (D. Minn. July 31, 2012); *Martin v. Ford Motor Co.*, 292 F.R.D. 252, 282-285 (E.D. Pa. 2013).

duration of the express warranty so long as the limitation: (1) "mention[s] merchantability," and (2) is "by a writing and conspicuous." Mich. Comp. Laws § 440.2316(2); *see also Schultz v. Gen. R.V. Ctr.*, No. 04-72562, 2006 WL 2583140, at *3 (E.D. Mich. Sept. 6, 2006), *aff'd*, 512 F.3d 754 (6th Cir. 2008). The relevant GM Limited Warranty provides that "[a]ny implied warranty of merchantability or fitness for a particular purpose applicable to this vehicle is limited in duration to the duration of this written warranty." Ex. 3, 2010 Warranty at 9. Miller allegedly purchased a used 2010 Chevrolet vehicle in 2014, after the applicable three year warranty period expired. Miller does not allege that the warranty was still in effect when she purchased the vehicle. Miller also does not allege that she ever experienced the alleged defect or ever presented her vehicle to GM for repair. Miller's implied warranty claim should therefore be dismissed as untimely.

**B.    Plaintiff Leonard's Massachusetts Implied Warranty Claim Is Time-Barred (Count 13).**

Plaintiff Leonard alleges a claim for breach of implied warranty under Massachusetts law, which bars such claims "more than four years after the date of purchase." Mass. Gen. Laws ch. 106, § 2–725; *see Santos*, 2013 WL 1868268, at *5. Leonard alleges she purchased her vehicle in 2012, Compl., ¶ 25, but filed this lawsuit in December 2017, more than four years after purchase. Leonard's implied warranty claim should therefore be dismissed as untimely.

III.    **PLAINTIFFS DO NOT PLEAD VIABLE CLAIMS UNDER THE MAGNUSON-MOSS WARRANTY ACT.**

Claims under the Magnuson–Moss Act are directly dependent upon a sustainable claim for breach of warranty under state law; "if there exists no actionable warranty claim, there can be no violation of the Magnuson–Moss Act." *Temple v. Fleetwood Enterprises, Inc.*, 133 F. App'x 254, 268 (6th Cir. 2005); *see also Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (MMWA claims "stand or fall with [plaintiffs'] express and implied warranty claims under state law"). Plaintiffs here do not allege viable state law warranty claims, and therefore their MMWA claim (Count 1) should be dismissed.

IV.    **PLAINTIFFS' FRAUDULENT OMISSION CLAIMS FAIL ON MULTIPLE GROUNDS.**

To state fraudulent omission claims under the laws of the applicable states, plaintiffs must assert that: (i) GM omitted a material fact, (ii) plaintiffs relied on the omission to their detriment and/or the omission caused plaintiffs' injuries, and (iii) GM had a duty to disclose the material fact. Because these claims (Counts 5, 9, 14, 18, and 22) sound in fraud, plaintiffs must allege them with the particularity required by Rule 9(b). Plaintiffs do not meet these requirements.

A.    **Plaintiffs Do Not Plead Fraudulent Omission With The Particularity Required By Rule 9(b).**

"Rule 9(b) is designed, not only to put defendants on notice of alleged misconduct, but also to prevent fishing expeditions and to narrow potentially wide-

ranging discovery to relevant matters." *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 255 (6th Cir. 2012) (internal citations and punctuation omitted). To sufficiently plead a fraud claim, a complaint must include:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the [plaintiff], and (4) what the defendants obtained as a consequence of the fraud.

*Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006); *see also Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 470 (7th Cir. 1999).

Plaintiffs' complaint does not meet these requirements. No plaintiff alleges that he or she individually encountered, read, or relied upon *any communication* from GM, much less any specific misrepresentation or omission about the vehicle's liftgate. Instead, all five plaintiffs make the same conclusory allegation that, "GM failed to disclose the Power Liftgate Defect to [plaintiff] before [plaintiff] purchased [plaintiff's vehicle], despite GM's knowledge of the defect, and [plaintiff], therefore, purchased [the vehicle] with the incorrect understanding that it would be a safe and reliable vehicle." Compl. ¶¶ 20, 23, 27, 31, 35.

This allegation does not satisfy the basic pleading standards of Rule 8, or the heightened pleading standards of Rule 9(b). The complaint does not provide any details concerning "'the who, what, when, where, and how' of [any] alleged

14

omission." *Republic*, 683 F.3d at 256. While the complaint references various generic GM advertisements, it has no allegations that plaintiffs actually knew about or read any of them, and no allegations that plaintiffs actually relied upon them. *See Morse v. Abbott Labs.*, 756 F. Supp. 1108, 1112 (N.D. Ill. 1991).[7]

Rule 9(b) requires that plaintiffs allege these basic facts, and the Court should dismiss plaintiffs' fraudulent omission claims for failure to do so. *See Williams v. Scottrade, Inc.*, No. 06-10677, 2006 WL 2077588, at *7 (E.D. Mich. July 24, 2006) (allegations that defendant misrepresented product "generally in its 'advertisements, marketing materials, and sales message'" deemed insufficient); *In re Ford, Motor Co.*, 2007 WL 2421480, at *9 ("Plaintiffs fail to identify the representation(s). . . on which they allegedly relied with any specificity" and "do not allege where or when Ford made the alleged misrepresentations").[8]

---

[7] *See also Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig.*, No. 05 C 2623, 2009 WL 937256, at *6 (N.D. Ill. Apr. 6, 2009) ("Although specific advertisements are mentioned in the. . . complaint . . . plaintiffs do not allege that they saw any of these specific advertisements. Their failure to identify the misrepresentation they saw and relied upon is fatal to their claim"); *Feliciano v. Gen. Motors LLC,* 14 Civ. 06374 (AT), 2016 WL 9344120, at *14 (S.D.N.Y. Mar. 31, 2016) ("Plaintiffs identify a few specific advertisements. . . [but] do not claim that any Plaintiff viewed the advertisements "); *Belville v. Ford Motor Co.*, 13 F. Supp. 3d 528, 546 (S.D. W. Va. 2014) (despite quoting "promotional material" plaintiffs "do not say they ever saw, read, or heard these particular statements").

[8] Unlike the Sixth Circuit, the Ninth Circuit has adopted a "relaxed" approach to Rule 9(b) in the context of fraudulent omission claims. *See*, *e.g Baggett v. Hewlett–Packard Co.*, 582 F. Supp. 2d 1261, 1267 (C.D. Cal. 2007). In a recent

(continued…)

## B. Plaintiffs Do Not Allege GM Has A Duty To Disclose.

Plaintiffs also do not allege facts showing that GM owed plaintiffs a duty to disclose. Under the law of the applicable states, a duty to disclose arises only "where (1) the parties are in a fiduciary or confidential relationship; or (2) where the plaintiff places trust and confidence in the defendant, thereby placing defendant in a position of influence or superiority over plaintiff." *In re Ford Motor Co.*, 2007 WL 2421480, at *8 (applying Illinois law).[9] Here, plaintiffs do not allege a fiduciary or confidential relationship with GM. To the contrary, plaintiffs concede

_____

(continued…)

decision, the Eastern District of Michigan, relying exclusively on Ninth Circuit precedent, applied this relaxed standard to hold that a plaintiff alleging fraudulent omission under California law may provide examples of advertisements to which they were exposed without identifying "the time, place, and specific content of an omission." *Beck v. FCA US LLC*, 273 F. Supp. 3d 735, 751 (E.D. Mich. 2017); *see also In Re Duramax Litigation*, Case No. 17-cv-11661, 2018 WL 949856 (E.D. Mich. Feb. 20, 2018), ECF No. 61 at 18 (citing *Beck*). This standard does not apply in the Sixth Circuit, and even if it did, plaintiffs would not satisfy it because they do not even allege that they were exposed to GM advertising

[9] *See also Counts v. Gen. Motors, LLC*, 237 F. Supp. 3d 572, 600 (E.D. Mich. 2017) (Ludington, J.) ("some states, like Michigan, appear to require 'fiduciary or confidential' relationships for [fraudulent] concealment to be actionable"); *JSB Indus., Inc. v. Nexus Payroll Servs., Inc.*, 463 F. Supp. 2d 103, 107 (D. Mass. 2006) ("the duty [to disclose] is dependent on a fiduciary duty or other similar relation of trust and confidence") (internal citation and punctuation omitted); *Simpson v. US W. Commc'ns, Inc.*, 957 F. Supp. 201, 206 (D. Or. 1997) ("A duty to disclose exists when the parties are in a fiduciary [] or possibly a special relationship") (internal citation and punctuation omitted); *Tokarz v. Frontier Fed. Sav. & Loan Ass'n*, 656 P.2d 1089, 1094 (Wash. Ct. App. 1982) ("Ordinarily, the duty to disclose a material fact exists only where there is a fiduciary relationship").

they purchased their vehicles from independent GM dealerships or used from other third-parties, and never had any direct communications with GM.

Despite having no interaction with GM, plaintiffs allege that a duty arose simply because GM was "aware of the Power Liftgate Defect within the Class Vehicles" and knew "that Plaintiff[s] and the other Class members could not have reasonably been expected to know of the Power Liftgate Defect." Compl. ¶¶ 192, 230, 280, 373, 414. This is a hollow allegation because plaintiffs no not allege any facts supporting their conclusion that GM knew about a defect at the time that plaintiffs purchased their vehicles. Even if GM had been aware of this defect (and it was not), this would not create a duty to disclose. While some states recognize a duty to disclose where one party to a transaction "has superior knowledge and is relied upon to disclose same," that principle is limited to circumstances where (i) the parties directly negotiated with one another and (ii) the defendant was a "party to [the underlying sales] contract." *Morris Aviation, LLC v. Diamond Aircraft Indus., Inc.*, 536 F. App'x 558, 568 (6th Cir. 2013) (applying Kentucky law). Even in states that recognize a "'superior knowledge' duty" (*id*. at 568,) courts will not impose a duty to disclose on parties who had no direct interaction such as the circumstances here between GM and plaintiffs. Consistent with this principle, courts regularly refuse to impose a duty to disclose on remote manufacturers for

individual consumers who, like plaintiffs, purchased their products through

independent dealerships or prior purchasers.[10]

## V.      PLAINTIFFS DO NOT STATE CLAIMS FOR VIOLATION OF STATE CONSUMER PROTECTION STATUTES.

### A.      Plaintiffs Do Not Adequately Plead Facts In Support of their Consumer Protection Claims.

Plaintiffs' claims for violation of state consumer protection statutes (Counts

2, 7, 11, 16, and 20) likewise fail because plaintiffs do not adequately allege

deceptive advertising, reliance, causation, or injury. Rule 9(b) applies to alleged

violations of state consumer protection statutes based on "affirmative

misrepresentations and alleged omissions." *Rosipko v. FCA US, LLC*, No. 15-

11030, 2015 WL 8007649, at \*4 (E.D. Mich. Dec. 7, 2015) (Michigan Consumer

Protection Act); *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 399 (7th Cir.

---

[10] *See*, *e.g. Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 500–01 (1996) (allegation that Suzuki had exclusive knowledge of safety defect did not create duty to disclose where "plaintiffs had purchased [their vehicles] from an authorized Suzuki dealer"); *In re Ford Motor Co.*, 2007 WL 2421480, at \*\*2, 8 (Ford owed no duty to disclose defect to consumers who purchased vehicles through "independent and authorized dealers"); *Wade v. Ford Motor Co.*, 341 Mass. 596, 597 (1961) (car manufacturer had no duty to disclose as it was "a stranger to the transactions between [the car dealership] and the plaintiffs"); *Rivera v. Ford Motor Co.*, No. 16-CV-13786, 2017 WL 3485815, at \*7 (E.D. Mich. Aug. 15, 2017) (manufacturer did not have "a duty to disclose the alleged defective purge valve under… Michigan law"); *Nguyen v. Doak Homes*, Inc., 167 P.3d 1162, 1166 (Wash. Ct. App. 2007) (defendant home manufacturer owed no duty to disclose defects to second purchaser with whom it had "no contact whatsoever"); *Alexander v. Sanford*, 325 P.3d 341, 366 n. 33 (Wash. Ct. App. 2014) (no duty to disclose because plaintiffs "do not allege that they purchased their units from [defendant]").

2011) (Illinois Consumer Fraud Act); *Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 14 (1st Cir. 2017) (Mass. Gen. Laws ch. 93A); *Fid. Mortg. Corp. v. Seattle Times Co.*, 213 F.R.D. 573, 575 (W.D. Wash. 2003) (Washington Consumer Protection Act).[11]

Under each of the applicable state statutes, plaintiffs must allege individual reliance and/or causation, which requires pleading that each plaintiff directly encountered a specific, allegedly deceptive advertisement.[12] Here, none of the plaintiffs alleges personally encountering *any advertisement* from GM, or relying on any specific misrepresentation or omission in any particular advertisement or statement, much less anything about the liftgate, when purchasing their vehicles. Plaintiffs' conclusory allegations that GM misrepresented vehicles "generally in its 'advertisements, marketing materials, and sales message'" are insufficient.[13]

---

[11] Oregon federal courts do not apply Rule 9(b) to claims under the Oregon Unlawful Trade Practices Act (UTPA); plaintiff Luse's UTPA claim is deficient under Rule 8 because it lacks deceptive advertising, causation, or ascertainable loss allegations.

[12] *See In re OnStar Contract Litig.*, 278 F.R.D. 352, 378 (E.D. Mich. 2011) (MCPA); *Baldwin v. Star Sci., Inc.*, 78 F. Supp. 3d 724, 738 (N.D. Ill. 2015) (ICFA); *Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 14 (1st Cir. 2017) (93A); *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 793 (Wash. 1986) (WCPA); *Mendoza v. Lithia Motors*, No. 6:16-CV-01264-AA, 2017 WL 125018, at *4 (D. Or. Jan. 11, 2017) (Oregon Unlawful Trade Practices Act).

[13] *See Williams*, 2006 WL 2077588, at *7 (Rule 9(b) dismissal under MCPA because plaintiff "fails to identify the representation(s) made by Scottrade on which he allegedly relied with any specificity"); *Rosipko*, 2015 WL 8007649, at *3 (dismissal for failure to allege "when or where any purported affirmative representations were made," "the precise content of what was represented" and

(continued…)

### B. Plaintiffs' Statutory Claims Also Fail On State-Specific Grounds.

### 1. Plaintiff Leonard Did Not Provide Notice.

Plaintiff Leonard cannot assert a claim under Massachusetts Gen. Laws ch. 93A (Count 11) because she did not comply with the statute's notice requirement. Under Mass. Gen. Laws ch. 93A, § 9(3), a plaintiff "must send a letter to the prospective defendant '[a]t least thirty days prior to the filing of any [claim, including] a written demand for relief . . . and [a] reasonabl[e] descri[ption of] the unfair or deceptive act or practice relied upon and the injury suffered.'" *Koufos v. U.S. Bank, N.A.*, 939 F. Supp. 2d 40, 50 (D. Mass. 2013); *see Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 19 (1st Cir. 2004) (notice is…'a prerequisite to suit").

### 2. Plaintiff Luse's Oregon UTPA Claim Is Time Barred.

Plaintiff Luse's claim under the Oregon UTPA is barred by a one-year statute of limitations, which begins to run "when the plaintiff knows or should have known of the alleged misrepresentation." *See Wright v. Kia Motors Am. Inc.*, No. CIV. 06-6212-AA, 2008 WL 552046, at *2 (D. Or. Feb. 26, 2008). Luse alleges he purchased a used 2011 GMC Terrain in 2013 and that, "[o]n numerous occasions *within the period of GM's express warranty*, the powered liftgate collapsed unexpectedly." Compl. ¶¶29-30 (emphasis added). The applicable three-

---

(continued…)

"when, where, or how Plaintiffs ever heard or saw any purported representation"); *In re Ford*, 2007 WL 2421480, at *9; *Shaulis,* 865 F.3d at 14 (1st Cir. 2017).

year warranty period expired no later than 2014. Luse did not file suit for another three years, long after the one-year limitations period expired for his UTPA claim.

### 3.    Motor Vehicle Sales Are Not Subject To The MCPA.

Plaintiff Miller's claim under the MCPA should be dismissed because the statute exempts motor vehicle sales. The MCPA does not apply to any "transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." Mich. Comp. Laws § 445.904(1)(a). To determine if a transaction is exempt from the MCPA, "the relevant inquiry is whether the general transaction is specifically authorized by law, regardless of whether the specific misconduct alleged is prohibited." *Liss v. Lewiston-Richards, Inc.*, 478 Mich. 203, 206 (2007).

Michigan courts, including this Court, have repeatedly held that motor vehicle sales are exempt from the MCPA because they are "specifically authorized under" the Michigan Vehicle code. *Jimenez v. Ford Motor Credit Co.*, No. 322909, 2015 WL 9318913, **6-7 (Mich. Ct. App. Dec. 22, 2015); *Chaudoin v. Thor Motor Coach, Inc.*, No. 15-13871, 2017 WL 3485803, at *24 (E.D. Mich. Aug. 15, 2017) (sale of a recreational vehicle is exempt from the MCPA); *Rosenbaum v. Toyota Motor Sales, USA, Inc.*, No. 16-CV-12645, 2016 WL 9775018, at *3 (E.D. Mich. Oct. 21, 2016) (claims based on "Toyota's advertising of the Prius and its

miles-per-gallon estimate" are exempt from the MCPA), *aff'd sub nom.*

*Rosenbaum v. Toyota Motor Sales, U.S.A., Inc.*, 708 F. App'x 242 (6th Cir. 2017).

## VI.      PLAINTIFFS DO NOT PLEAD VIABLE UNJUST ENRICHMENT CLAIMS.

Plaintiffs allege the existence of a written warranty covering their vehicles.

Compl. ¶¶ 143. Their unjust enrichment claims (Counts 6, 10, 15, 19, and 23) must

therefore be dismissed because applicable state law prohibits unjust enrichment

recovery where there is an express contract.[14]

While a party may plead a claim for unjust enrichment "in the alternative

'when, for instance, there is a dispute between the parties as to whether an express

agreement exists,'" it may not do so where both parties acknowledge the existence

of an express contract. *Solo v.UPS Co.*, 819 F.3d 788, 796 (6th Cir. 2016). "While

there is a dispute regarding whether [GM] breached [the warranty,] there is an

express contract between the parties covering the subject matter in this suit, the

existence of which neither party disputes. As a result, [plaintiffs'] unjust

enrichment claim fails." *See Power Process Eng'g Co., Inc. v. ValvTechnologies,*

*Inc.*, No. 16-CV-11524, 2016 WL 7100504, at *4 (E.D. Mich. Dec. 6, 2016).

---

[14] *See*, *e.g. Power Process Eng'g Co., Inc. v. ValvTechnologies, Inc.*, No. 16-CV-11524, 2016 WL 7100504, at *4 (E.D. Mich. Dec. 6, 2016); *Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 130 (1st Cir. 2006); *People ex rel. Hartigan v. E & E Hauling, Inc.*, 153 Ill. 2d 473, 497 (1992); *Chandler v. Washington Toll Bridge Auth.*, 17 Wash. 2d 591, 604 (1943); *Arnett v. Bank of Am., N.A.*, 874 F. Supp. 2d 1021, 1035 (D. Or. 2012).

Plaintiffs also cannot pursue the equitable remedy of unjust enrichment because adequate legal remedies are available. *See, e.g. Duffie v. Michigan Grp., Inc. - Livingston*, No. 14-cv-14148, 2016 WL 8259511, at *1 (E.D. Mich. Jan. 15, 2016); *Fernandes v. Havkin*, 731 F. Supp. 2d 103, 114 (D. Mass. 2010); *Season Comfort Corp. v. Ben A. Borenstein Co.*, 655 N.E.2d 1065, 1071  (Ill. App. Ct. 1995); *Kelley v. Microsoft Corp.*, 251 F.R.D. 544, 551 (W.D. Wash. 2008). It does not matter if the legal claim fails on substantive grounds, because "[i]t is the availability of a remedy at law, not the viability of that remedy, that prohibits a claim for unjust enrichment." *Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 16 (1st Cir. 2017); *Duffie v. The Michigan Grp., Inc.*, No. 14-CV-14148, 2016 WL 28987, at *17 (E.D. Mich. Jan. 4, 2016).

Finally, plaintiffs' unjust enrichment claims must be dismissed because plaintiffs did not engage in any direct transaction with GM and thus did not confer any benefit directly on GM. A plaintiff claiming unjust enrichment must allege "that they directly conferred a benefit on Defendant." *Storey v. Attends Healthcare Prod., Inc.*, No. 15-CV-13577, 2016 WL 3125210, at *13 (E.D. Mich. June 3, 2016). Such a showing is not possible where, as here, the "case involv[es] consumer plaintiffs and a remote manufacturer" because, "[w]hatever benefit Plaintiffs conferred on Defendant they conferred indirectly." *Id.*; *see also Schechner*, 237 F. Supp. 3d at 618 (dismissing consumer's unjust enrichment claim

23

against appliance manufacturer); *Demaria v. Nissan N. Am., Inc.*, No. 15 C 3321, 2016 WL 374145, at *13 (N.D. Ill. Feb. 1, 2016) (dismissing unjust enrichment claim where the complaint did "not allege [] that [plaintiff] purchased her car from Nissan, and it is, therefore, not clear that Nissan was enriched at all by the relevant transaction"). Plaintiffs Miller, Luse and Arnadi allege they purchased *used* vehicles, and plaintiffs Graham, Luse and Arnadi allege they purchased their vehicles from other dealers (not even GM-authorized dealers). These plaintiffs have not and cannot allege that they conferred any benefit directly on GM.[15]

## VII.   IF ANY CLAIMS PROCEED, PLAINTIFFS SHOULD PROVIDE A MORE DEFINITE STATEMENT OF THEIR CLAIMS

Rule 12(e) encourages parties and courts to "obtain[] more facts and dispos[e] of meritless claims without proceeding to trial," especially when vagaries in the pleadings "concern the dates that" plaintiffs' claims arose. *Ruffin v. Nicely*, 183 F. App'x 505, 513 (6th Cir. 2006). Plaintiffs here have six to eight-year old

---

[15] *See, e.g. Gray v. BMW of N. Am., LLC*, 22 F. Supp. 3d 373, 386 (D.N.J. 2014) ("Plaintiffs have not stated how the purchase from the used car dealers enriched BMW"); *Daigle v. Ford Motor Co.*, No. CIV.A. 09-3214 MJD, 2012 WL 3113854, at *12 (D. Minn. July 31, 2012) ("Plaintiffs have put forth no evidence that Ford benefitted from the sale of a used vehicle"); *Doll v. Ford Motor Co.*, 814 F. Supp. 2d 526, 552 (D. Md. 2011) ("the Amended Complaint is completely devoid of any factual allegations that suggest how Ford was benefited from Mr. Garcia's purchase of a used car at DriveTime Kissimmee Dealership"); *In re Takata Airbag Prod. Liab. Litig.*, No. 14-24009-CV-Moreno, 2016 WL 5844872, at *5 (S.D. Fla. June 20, 2016) (plaintiffs "do not plausibly allege that proceeds from the sale of the used Subaru vehicle, advertised and sold by independent third parties, conferred a direct benefit on Subaru").

vehicles that have three or four-year warranties. Plaintiffs allege claims with statutes of limitations ranging from one to six years. If any claims proceed, GM asks the Court to require plaintiffs to plead the precise dates of when they purchased their vehicles or when they noted any defect in their liftgates to allow application of statutes of limitations. *See Dunham v. Malik*, No. 13-10001, 2014 WL 106900, at *8 (E.D. Mich. Jan. 10, 2014) (granting Rule 12(e) motion where complaint raised threshold issues concerning application of statute of limitations); *Farah v. Martin*, 122 F.R.D. 24, 26–27 (E.D. Mich. 1988) (same).

## <u>CONCLUSION</u>

GM requests dismissal of all of plaintiffs' claims with prejudice or, if any claims proceed, an order requiring plaintiffs to plead the precise dates of their vehicle purchases and when they noted any defect in their liftgates.

March 5, 2018

Respectfully submitted,

*/s/ Kathleen Taylor Sooy*
Kathleen Taylor Sooy
April N. Ross
Jared A. Levine
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: (202) 624-2500
Fax: (202) 628-5116
ksooy@crowell.com
aross@crowell.com

Daniel J. LaCombe
BARRIS SOTT DENN
DRIKER PLLC
333 W. Fort St.
Suite 1200
Detroit, MI 48226
Tel: (313) 965-9725
Fax: (313) 965-2493
DLaCombe@bsdd.com

*Counsel for Defendant General Motors LLC*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on March 5, 2018 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.


/s/ Kathleen Taylor Sooy

Kathleen Taylor Sooy

*Counsel for Defendant General Motors LLC*